**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ANNETTE COLON-RODRIGUEZ,

    **Plaintiff,**

        **v.**                      **CIVIL NO.** 11-1495 (FAB)

ASTRA/ZENECA PHARMACEUTICALS,
LP,

    **Defendant.**

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiff Annette Colon-Rodriguez's motion to remand this case to the Commonwealth court (Docket No. 8), defendant Astra/Zeneca Pharmaceuticals, LP's ("AZP") opposition to the motion remand (Docket No. 14), and defendant AZP's motion to dismiss the case (Docket No. 11). For the reasons set forth below, plaintiff Colon-Rodriguez's motion to remand is **DENIED** and defendant AZP's motion to dismiss is **GRANTED**.

**DISCUSSION**

**I.    Background**

Plaintiff Colon-Rodriguez sued defendant AZP, her former employer, pursuant to Puerto Rico law in the Commonwealth Court of First Instance, Carolina Superior Division (Civil No. FFPE 11-0389-403). Her claims arise out of AZP's alleged failure to perform under the terms of a severance agreement, the AstraZeneca

Separation Plan ("Severance Plan"), between AZP and her. (Docket No. 10-1, ¶¶ 3.4-3.6 and 4.4.)  On May 27, 2011, AZP removed the case to this forum, arguing that the Severance Plan is an "employee welfare benefit plan" covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (Docket No. 1 at p. 2.)  Defendant AZP argues that plaintiff Colon-Rodriguez's cause of action amounts to a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B).  Id.  AZP concludes that this Court has concurrent jurisdiction with the Commonwealth courts, and that removal was therefore proper.  Id. at 3.

Subsequently, plaintiff Colon-Rodriguez moved to remand the case to the Commonwealth court on June 27, 2011. (Docket No. 8.) She argues (1) that the well-pleaded complaint rule precludes removal because the complaint on its face does not make reference to ERISA, (2) that the suit filed before the Commonwealth court is not an action to recover benefits under an employee benefit plan but seeks relief for defendant AZP's violation of a legal duty under Puerto Rico law, and (3) that rules of comity counsel against federal court involvement in state controversies in the area of taxation.

On June 27, 2011, defendant AZP filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted. (See

Docket No. 11.)   Defendant AZP also attached the AZP Separation
Plan, (see Docket No. 11-1), and the AZP Separation Plan Summary
Plan Description, (see Docket No. 11-2), to its motion to dismiss.

On July 14, 2011, defendant AZP filed an opposition to
plaintiff Colon-Rodriguez's motion to remand, responding (1) that
ERISA's complete preemption doctrine is an exception to the well-
pleaded complaint rule, (2) that plaintiff Colon-Rodriguez's
severance benefits are provided as part of an employee benefits
plan governed by ERISA, and (3) that the rules of comity do not
apply to the facts of this case.   The Court will consider each
argument in turn.

On August 4, 2011, defendant AZP filed a motion pursuant to
Local Rule 7(b) to deem its motion to dismiss as unopposed.   (See
Docket No. 20.)   On August 5, 2011, the Court granted defendant
AZP's motion to have its motion to dismiss be considered unopposed.
(See Docket No. 22.)   The Court will first decide plaintiff's
motion to remand and subsequently address defendant's motion to
dismiss.

## II.  Standards

### A.  Removal

A defendant may remove a case to federal court only when
the action could have originally been filed in federal court.
28 U.S.C. § 1441.   When a notice of removal is presented,

"defendants have the burden of showing the federal court's jurisdiction." See, e.g., Danca v. Private Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999) (citing BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997)).  If there are any doubts about the propriety of the removal, however, "all doubts should be resolved in favor of remand."  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### B.   Federal Question Jurisdiction and Preemption

Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case arises under federal law for purposes of removal when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Rossello-Gonzalez v. Calderon, 398 F.3d 1, 12 (1st Cir. 2004) (internal citations omitted).

The controlling principle for federal jurisdiction is the "well-pleaded complaint" rule, which forbids the application of federal question jurisdiction if no federal claim can be discerned from the face of a complaint.  BIW Deceived, 132 F.3d at 831. Congress has preempted certain matters to have an exclusive federal cause of action, however, so that even what a plaintiff may call a state claim is to be characterized as a federal one.  See Metro.

Life Ins. Co. v. Taylor, 481 U.S. 58, 64-65 (1987) ("Congress may
so completely preempt a particular area [of law] that any civil
complaint raising this select group of claims is necessarily
federal in character.")   Thus, certain state law claims can be
removed "even if they purport to rest only on state law because the
subject matter is powerfully preempted by federal law." Negron-
Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 6 (1st Cir.
2008) (internal citations omitted).   "The articulation . . . is
that these are federal claims in state law clothing and, to defeat
artful pleading, the district court can simply 'recharacterize'
them to reveal their true basis." Id.   This doctrine is sometimes
called "complete preemption" and is an exception to the well-
pleaded complaint rule.   Id.   Consequently, even if a claim does
not make reference to a federal cause of action, if the court
determines a plaintiff has asserted a federal law claim that is
characterized as a state law claim, removal is proper. BIW
Deceived, 132 F.3d at 831.

   **C.   Rule 12(b)(6) Standard**

        Rule 12(b)(6) permits a court to dismiss a complaint when
it fails to state a claim upon which relief can be granted.
Pursuant to Rule 12(b)(6), a court must take the allegations of the
complaint as "true, and determine whether, under any theory, the
allegations are sufficient to state a cause of action in accordance

Civil No. 11-1495 (FAB)                                                6

with the law." Brown v. Hot, Sexy & Safer Prod., 68 F.3d 525, 530
(1st Cir. 1995).  A court should not accept unsupported conclusions
or interpretations of law.  Wash. Legal Found., v. Mass. Bar
Found., 993 F.2d 962, 971 (1st Cir. 1993).  According to this
provision, a court will base its determination solely on the
material submitted as part of the complaint or central to it.
Fudge v. Penthouse Int'l. Ltd., 840 F.2d 1012, 1015 (1st Cir.
1988).  "When . . . a complaint's factual allegations are expressly
linked to - and admittedly dependent upon - a document (the
authenticity of which is not challenged), that document effectively
merges into the pleadings and the trial court can review it in
deciding a motion to dismiss under Rule 12(b)(6)."  Beddall v.
State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)
(internal citation omitted).  This is especially true where the
plaintiff has "actual notice . . . and has relied upon these
documents in framing the complaint." Watterson v. Page, 987 F.2d
1, 4 (1st Cir. 1993).

## III. Discussion

### A.   Plaintiff's Motion to Remand

#### 1.   The Complete Preemption Doctrine and ERISA

Plaintiff Colon-Rodriguez asserts that AZP illegally
withheld Puerto Rico taxes from her severance pay.  (Docket Nos. 8
at p. 1 and 10-1 at ¶¶ 4.1-4.3.)  First, plaintiff argues that the

well-pleaded complaint rule precludes removal because the complaint
on its face does not make reference to ERISA.  (Docket No. 8 at
p. 3).  Next, while plaintiff admits that she subscribed to the
Severance Plan and received severance pay according to the plan's
terms (Docket No. 10-1 at ¶ 3.4), she argues that her action is not
for recovery of benefits under an employee benefit plan.  (Docket
No. 8 at p. 4.)  Instead, she argues that the promised severance
benefits were "free-standing and not premised in any way on the
existing [Severance Plan]" and that her action simply seeks to
recover benefits under Puerto Rico Law 80, P.R. Laws Ann. tit. 29,
§ 185a.  Id.  Furthermore, she argues that the Severance Plan was
"adopted and maintained solely for the purpose of complying with
Puerto Rico's applicable employees' compensation laws and
unemployment compensation rules."  Id. at p. 9.  The Court finds
plaintiff's arguments unpersuasive.

Congress enacted ERISA to "provide a uniform
regulatory regime over employee benefit plans."[1]  Aetna Health Inc.
v. Davila, 542 U.S. 200, 208 (2004).  The statute contains such
expansive preemption provisions that employee benefit claims are
exclusively a federal concern.  Id.  Consequently, "any state-law

---

[1] The term "employee benefit plan" is defined by ERISA.  29 U.S.C.
§ 1002.  It includes plans that pay severance benefits.  See Fort
Halifax Packing Co. v. Coyne, 482 U.S. 1, 7, n. 5 (1987).

cause of action that duplicates, supplements, or supplants" ERISA is preempted by federal law.  Id. at 209; see also 29 U.S.C. § 1144(a) (Section 514(a) of ERISA provides that:  ". . . the provisions . . . of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . .").  For preemption purposes, "state laws" are "all laws, decision, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1).  Puerto Rico is expressly included in the statute's definition of "state." 29 U.S.C. § 1002(10).  Furthermore, the United States Supreme Court has repeatedly explained that a state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan."  See e.g., Shaw v. Delta Airlines, 463 U.S. 85, 96-97 (1983).  Moreover, a state law may "relate to" an employee benefit plan and be preempted, even if the law is not specifically designed to affect such plans, and even if its effect is indirect.  Id.  The First Circuit Court of Appeals has also construed the words "relate to" broadly; a state law may relate to an employee benefit plan even though the law does not conflict with ERISA's own requirements and represents an otherwise legitimate state effort to impose or broaden benefits for employees. Simas v. Quaker Fabric Corp. of Fall River, 6 F.3d 849, 852 (1st Cir. 1993) (internal citations omitted).  Therefore, a state law with "even an indirect effect on

an ERISA-covered benefit plan is preempted, even though ERISA by its terms may not necessarily address the topic covered by the state law." Rosario-Cordero v. Crowley Towing & Transp. Co., 43 F.3d 120, 122-26 (1st Cir. 1995).

The civil-enforcement provision of ERISA allows a plan beneficiary to sue in order "to recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53 (1987). In lawsuits that relate to "any employee benefit plan," this civil-enforcement provision can preempt state laws that do not directly regulate insurance, banking, or securities. 29 U.S.C. § 1144; Metro. Life, 481 U.S. at 62-63.

To show complete preemption, a defendant has to show that "the state cause of action falls within the scope of ERISA." Danca, 185 F.3d at 5. Preemption will not occur, however, where the state law "has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general

applicability. Combined Mgmt. v. Superintendent of the Bureau of Ins., 22 F.3d 1 (1st Cir. 1994) (internal citations omitted).

To determine preemption under ERISA, the Court must answer two questions. First, is the plan at issue an employee benefit plan within the scope of ERISA? Rosario, 46 F.3d at 124. Whether severance benefits are provided under an employee benefit plan is significant because "a suit by a beneficiary to recover benefits from a covered plan . . . falls directly under § 502 (a)(1)(B) of ERISA." Metro. Life, 481 U.S. at 62-63. Second, does the cause of action relate to the employee benefits plan? Rosario, 46 F.3d at 124. Affirmative answers to both questions means that plaintiff's claims are preempted by ERISA and should be dismissed. Galindez v. Ortho Pharm., 328 F.Supp.2d 213, 231 (D.P.R. 2004) (citing Hampers v. W.R. Grace & Co., 202 F.3d 44, 54 (1st Cir. 2000); Turner v. Fallon Cmty. Health Plan, 127 F.3d 196, 197-98 (1st Cir. 1997)).

Plaintiff Colon-Rodriguez admits that her Commonwealth-law claims arise under Puerto Rico labor laws and not under laws that regulate insurance, banking, or securities. (See Docket No. 8 at p. 3.) Thus, if her suit is an action to recover benefits due to her under an ERISA employee benefit plan and the cause of action relates to the plan, then the case is properly in federal court. See id. at 66-67; Negron-Fuentes, 532 F.3d at 7

("Any claim replicating section 502(a) is a federal claim for jurisdictional purposes, whether substantial or not."). Therefore, having established that the complete preemption doctrine can apply to these facts, the Court now turns to whether plaintiff Colon-Rodriguez's Commonwealth-law claims replicate an action to recover benefits from an ERISA employee benefit plan and if her cause of action relates to the plan.

### a.   The Severance Plan is an Employee Benefit Plan Within the Scope of ERISA

First, the plan at issue is an employee benefit plan within the scope of ERISA.  As mentioned above, plaintiff Colon-Rodriguez admits that she agreed to the terms of the Severance Plan drafted by defendant AZP.  (Docket No. 10-1 at ¶ 3.4.)  She also attached to her motion to remand three letters detailing her attempts to obtain the rest of her severance payment that AZP allegedly illegally withheld.  (See Docket Nos. 8-1, 8-2, and 8-3.)  Plaintiff's counsel wrote one of those letters to AZP's Claims Administrator and stated that plaintiff's termination was "performed under the terms and conditions of a Separation Plan drafted by [AZP]."  (See Docket No. 8-1.)  The terms of the Severance Plan show that it is covered by ERISA.  (See Docket No. 11-1 at p. 16.)  The Severance Plan specifically states that:

> "the terms of the Plan shall be construed and enforced to comply with ERISA and the Code.

> The provisions of the Plan are intended to control over state law under the preemptive authority of ERISA." <u>Id</u>.

Plaintiff agreed to these terms when she signed the General Release form, acknowledging that she has read the terms of the Severance Plan. (<u>See</u> Docket No. 14-1.) Furthermore, a crucial factor in determining whether an ERISA plan has been established is an employer's intent. <u>O'Connor v. Commw. Gas. Co.</u>, 251 F.3d 262, 272 (1st Cir. 2001) (citing <u>Wickman v. Northwestern Nat'l. Ins. Co.</u>, 908 F.2d 1077, 1083 (1st Cir. 1990). Therefore, plaintiff expressly agreed to a Severance Plan that the employer intended to be governed by ERISA.

Furthermore, as the Severance Plan terms indicate, the plan is the "kind of ongoing, centrally administered, bureaucratic behemoth whose beneficiaries Congress intended to innoculate from multifarious state legislation pursuant to its Commerce Clause powers." <u>Gautier-Figueroa v. Bristol-Myers Squibb Puerto Rico, Inc.</u>, 792 F.Supp.2d 240, 244 (D.P.R. 2011) (citing <u>Fort Halifax</u>, 482 U.S. at 11-12; <u>Balestracci v. NSTAR Elec. & Gas. Co.</u>, 449 F.3d 224, 229 (1st Cir. 2006)). The plan provides for a separation payment, continuation of certain welfare benefits for a stated period of time, life insurance coverage, an employee assistance program, and outplacement services. (Docket No. 11-1 at pp. 11-12.) More importantly, the Severance Plan provides a

detailed procedure for administering the plan and processing claims. Id. at pp. 13-15; see also Fort Halifax, 782 U.S. at 11 (discussing how ERISA's comprehensive preemption of state law "was prompted by recognition that employers establishing and maintaining employee benefit plans are faced with the task of coordinating complex administrative activities").

Plaintiff Colon-Rodriguez relies on Fort Halifax, 482 U.S. at 12, and Rodowicz v. Mass. Mut. Life Ins. Co., 192 F.3d 162 (1st Cir. 1999), to argue that her benefits were calculated only once and thus, was "little more than a lump-sum severance package." (Docket No. 8 at p. 6.) Therefore, she argues, her Severance Plan does not come within the terms of ERISA. Id. The Fort Halifax and Rodowicz severance payments, however, are distinguishable from the Severance Plan in this case because the payments in those cases did not require any administration of a plan. See Gautier-Figueroa, 792 F.Supp.2d at 245 (citing Fort Halifax, 482 U.S. at 5; Rodowicz, 192 F.3d at 171-72); see also Rivera Sanfeliz v. Chase Manhattan Bank, 349 F.Supp.2d 240, 245, n. 5 (D.P.R. 2004) (discussing how a plan that "provides options to continue medical, dental and life insurance coverage, all of which would require an ongoing administrative scheme," would fall within the scope of ERISA). In Fort Halifax, the lump-sum severance payment was a one-time event triggered by a Maine statute regarding

plant closings.  <u>Fort Halifax</u>, 482 U.S. at 5.  The <u>Fort Halifax</u> court held that ERISA did not apply because the Maine statute created "no need for an ongoing administrative program for processing claims and benefits," which is unlike the AZP's administrative plan before the Court.  <u>Id</u>. at 12.  Similarly, in <u>Rodowicz</u>, the one-time severance payment was provided as an early retirement incentive.  <u>Rodowicz</u>, 192 F.3d at 167.  The payment "required little in the way of administrative burden or expense," <u>see id</u>. at 171, which is unlike AZP's Severance Plan, where benefits are provided as part of an ongoing plan that involves administrative activity when processing claims and benefits.  (Docket No. 11-1 at pp. 13-15.)  Because AZP's Severance Plan requires an ongoing administrative scheme, it is an employee benefit plan within the scope of ERISA.

>    **b.   Puerto Rico Law 80 Relates to AZP's ERISA Employee Benefit Plan**

Next, a claim under Puerto Rico Law 80, such as plaintiff Colon-Rodriguez's claim, relates to AZP's ERISA covered Severance Plan.  It does not affect ERISA in a "tenuous, remote and peripheral manner," as plaintiff claims.  (Docket No. 8 at p. 6 (citing <u>Shaw</u>, 463 U.S. at 100)).  The First Circuit Court of Appeals has held that a state law relates to an employee benefits plan if one of the following categories of state law are present:

"(1) state laws that 'mandate employee benefit structures or their administration,' (2) state laws that 'bind plan administrators to [a] particular choice,' and (3) state law causes of action that provide 'alternative enforcement mechanisms' to ERISA's enforcement regime." Hampers, 202 F.3d at 51 (1st Cir. 2000).

The Court finds that Puerto Rico Law 80, the law pursuant to which plaintiff brings her claim, falls into categories one and three.

Puerto Rico Law 80 falls under category one because it mandates the same type of benefits that the Severance Plan offers: severance pay upon termination of employment. See Rivera Sanfeliz, 349 F.Supp.2d at 245. The Severance Plan established requirements to qualify for the benefit, the amount of the benefit, and how the benefit will be paid. (See Docket No. 11-1.) Likewise, Puerto Rico Law 80 establishes requirements for when an employee is entitled to severance pay and how the pay should be calculated. P.R. Laws Ann. tit. 29, § 185a. Compelling AZP to pay severance benefits under Law 80 "would force it to pay benefits under different circumstances, or in a different amount or form, than what is provided by" AZP's ERISA covered Severance Plan. Rivera Sanfeliz, 349 F.Supp. at 245. AZP would have to "offer inconsistent severance benefits to employees in different states in which the corporation conducts operations, which is precisely what ERISA's preemption provisions intend to avoid." Id.; see also

Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 54 (1st Cir. 2007)
(discussing how ERISA's goal of uniformity seeks to prevent the
requiring of employers to tailor plans and employer conduct to the
peculiarities of state law).

        Plaintiff Colon-Rodriguez's Puerto Rico Law 80
claim also falls under category three because it seeks payment
through a mechanism alternate to AZP's Severance Plan, which was
established for the purpose of paying severance benefits. See
Danca, 185 F.3d at 5 (stating that to determine whether the state
law cause of action is an alternative enforcement mechanism, the
Court must "look beyond the face of the complaint" and determine
the real nature of the claim "regardless of plaintiff's . . .
characterization.")   Such a claim would be an alternative
enforcement mechanism because an analysis of plaintiff's
Commonwealth-law claim would require an evaluation of the ERISA
plan at issue and the First Circuit Court of Appeals has
"consistently held that a cause of action 'relates to' an ERISA
plan when a court must evaluate or interpret the terms of the
ERISA-regulated plan to determine liability under the state law
cause of action." See Hampers, 202 F.3d at 52.  Therefore, a claim

for severance pay under Puerto Rico Law 80, such as plaintiff Colon-Rodriguez's claim, relates to AZP's ERISA plan.[2]

Because AZP's Severance Plan is an employee benefit plan within the scope of ERISA and plaintiff Colon-Rodriguez's claim under Puerto Rico Law 80 relates to the ERISA covered employee benefits plan, plaintiff's state law claim for allegedly unpaid severance benefits is preempted by ERISA. Therefore, even though plaintiff's claim does not make reference to a federal cause of action, removal is proper. <u>BIW Deceived</u>, 132 F.3d at 831.

### 2. Plaintiff's Argument about Rules of Comity is Irrelevant

Plaintiff Colon-Rodriguez also argues that prudential rules of comity "counsels lower federal courts against involvement in State controversies where there is an adequate state-court forum to hear and decide the claims." (<u>See</u> Docket No. 8 at p. 6.) This comity doctrine, she argues, precludes

---

[2] Plaintiff also summarily states that the Severance Plan was "adopted and maintained solely for the purpose for complying with Puerto Rico's applicable employee's compensation laws and unemployment compensation rules." (Docket No. 8 at p. 9.) Plaintiff states this argument without any support that the Severance Plan was, indeed, adopted and maintained solely for the purpose of complying with Puerto Rico law. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

federal district courts from interpreting and ruling on the validity or invalidity of a particular state's taxation regulation. (See Docket No. 8 at p. 6.)  She cites Levin v. Commerce Energy, Inc., 130 S.Ct. 2323 (2010) for support.  While this may be a correct statement of law, it is inapposite.  Levin addresses how rules of comity apply when a case involves the constitutionality of state taxation of commercial activity.  Levin, 130 S.Ct. at 2331. Plaintiff Colon-Rodriguez's claim does not require the Court to rule on the constitutionality of a state taxation regulation. Rather, plaintiff's claim is that pursuant to the Severance Plan, the severance payment should be made "in a lump sum that would be subject only to the applicable deductions" and that the income tax withheld by AZP was not an "applicable deduction."  (See Docket No. 10-1 at ¶¶ 3.5, 4.1-4.4.)  Yet plaintiff suggests that she is not claiming benefits under an ERISA plan even though she refers to the Severance Plan terms in her complaint.  Rather, she argues that she is seeking reimbursement of the amount "illegally" withheld by defendant AZP.  (Docket No. 8 at pp. 3-4.)  Problematically for plaintiff, however, whether the amount was illegally withheld would "ultimately depend on an analysis" of the ERISA covered Severance Plan and its terms.  Zipperer, 493 F.3d at 54 (internal citations omitted).

If no ERISA covered Severance Plan existed, then neither the Court nor the Puerto Rico Court of First Instance has jurisdiction over plaintiff Colon-Rodriguez's claim. Puerto Rico's Internal Revenue Code ("PR IRC") provides a detailed procedure for seeking reimbursement of taxes that were allegedly overpaid. See P.R. Laws Ann. tit. 13, § 8040. Notably, the PR IRC establishes that a taxpayer must first make a claim with Puerto Rico's Department of Treasury before filing a proceeding in the Commonwealth courts. See P.R. Laws Ann. tit. 13, § 8040(b) ("No suit or proceeding shall be entertained by the Court of First Instance for the credit or refund of any tax imposed by this Code unless there is a denial of such claim by the Secretary, notified as provided in subsection (a) of this section."). Plaintiff fails to show in her complaint that she sought any determination by the Puerto Rico Department of Treasury. (See Docket No. 10-1.) Furthermore, as defendant AZP correctly states, the PR IRC establishes that:

> "The employer shall be liable to the Secretary for the payment of the tax required to be deducted and withheld under this section and shall not be liable to any person for the amount of any such payment."

See P.R. Laws Ann. tit. 13, § 8541(l).  This section of the PR IRC mirrors Section 3403 of the United States Internal Revenue Code.[3] Federal courts have concluded that under section 3403, employees have no cause of action against employers for a tax withholding. See e.g., Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir. 1986); Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir. 1984).  At least one other court in this district has stated that the PR IRC provision should be interpreted the same way as its federal counterpart.  See e.g., Cancio v. Phillips Puerto Rico Core, Inc., Civil No. 98-1148(JAF), slip op. at 14 (D.P.R. January 18, 1999) (discussing how Section 8541(l) is a statutory bar for employee claims against employers for amounts withheld under the PR IRC).[4]  Thus, plaintiff Colon-Rodriguez's argument about taxation fails because she ignores the fact that she is seeking benefits under an ERISA plan and law that is on point. Instead, she chooses to discuss rules of comity, which are irrelevant to her case.

---

[3] "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."  26 U.S.C. § 3403.

[4] The Opinion and Order for Cancio was not published but defendants included a copy of the case, (Docket No. 14-2), with its opposition to motion to remand, (Docket No. 14).

**B.   Defendant's Motion to Dismiss under Rule 12(b)(6)**

Plaintiff Colon-Rodriguez's state cause of action under Puerto Rico Law 80 for severance benefits is completely preempted by ERISA.  (See Docket No. 10-1.)  But she fails to raise any claims or arguments under ERISA or any other federal claim.  (See Docket No. 10-1.)  Those causes of action that are preempted by ERISA should be dismissed.  See Galindez, 328 F.Supp.2d at 231 (citing Hampers, 202 F.3d at 54); see also Perez-Cuevas v. CIGNA Group Ins., Civil No. 10-446 (JP), 2011 WL 521437, at *4 (D.P.R. Feb. 15, 2011) (granting defendant's motion to dismiss under Rule 12(b)(6) when state law claims are preempted by ERISA and finding that there are no longer federal claims pending before the Court).  Furthermore, she has failed to respond to defendant AZP's motion to dismiss the case under Rule 12(b)(6).  (See Docket Nos. 20 and 21.)  Pursuant to Local Rule 7(b), an opposing party shall be deemed to have waived objection if it does not file a written objection to a motion within fourteen days after the service of a motion.  Therefore, the Court **GRANTS** defendant AZP's motion to dismiss.

**IV.  CONCLUSION**

For the reasons expressed, the Court **DENIES** plaintiff Colon-Rodriguez's motion to remand to state court and **GRANTS** defendant

Civil No. 11-1495 (FAB)                                              22

AZP's motion to dismiss the case.   Judgment shall be entered

accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 13, 2011.


                                   s/ Francisco A. Besosa
                                   FRANCISCO A. BESOSA
                                   UNITED STATES DISTRICT JUDGE